United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 5650 N Miami Ave LLC, Plaintiff, )<br>)<br>v.                                                             )<br>                                                                 ) Civil Action No. 20-21702-Civ-Scola<br>                                                                 )<br>Scottsdale Insurance Company,         )<br>Defendant.                                            ) | |

## Order Granting Motion to Dismiss

Plaintiff 5650 N Miami Ave LLC claims that Defendant Scottsdale Insurance Company breached an insurance contract by failing to cover damages suffered by the Plaintiff's property (the "Property") on or about January 15, 2019. (Am. Compl., ECF No. 8 at ¶ 8.) The Plaintiff seeks relief under one count, which is for breach of contract. (*Id.* at 3.) The Defendant argues that the amended complaint should be dismissed for failure to state a claim upon which relief can be granted or, in the alternative, the Defendant moves for a more definite statement. (Def.'s Mot., ECF No. 13).

The Plaintiff failed to respond to the motion by the deadline of June 5, 2020, which is "sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). In fact, this is the second time that the Plaintiff has failed to respond to a motion to dismiss in this case. The Plaintiff's pattern of delay in this action started when it failed to respond to the Defendant's first motion to dismiss. Eventually, after being ordered to show cause for its failure, the Plaintiff filed its amended complaint, which is the subject of the motion at bar. After careful review of the record, briefing, and legal authorities, the Court **grants** the motion to dismiss (**ECF No. 13**).

### 1. Factual Background

The Plaintiff owns the Property and maintains an insurance policy on the Property through the Defendant. (ECF No. 8 at ¶¶ 2, 6). On or about January 15, 2019, "a fire caused a covered loss and substantial damage" to the Property. (*Id.* at ¶ 8.) The Defendant assigned a claim number to the loss and has not paid the full amount of damages that the Plaintiff sought in its claim. (*Id.* at ¶¶ 8-10.) The Plaintiff also timely filed a notice of the loss to the Defendant. (*Id.*)

The Plaintiff filed its original complaint in state court on March 24, 2020. (Def.'s Not. of Removal, ECF No. 1.) The Defendant removed this case to federal

court on April 23, 2020, on grounds of diversity jurisdiction, alleging diversity of citizenship and an amount in controversy in excess of $75,000. (*Id.*)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## 3. Analysis

The Court finds that the amended complaint is based on legal conclusions without adequate factual support to state a claim upon which relief can be granted. The Plaintiff alleges that a fire caused a loss and that the Defendant breached an insurance policy by failing to pay for the damages. While those allegations provide a basic sketch of virtually every imaginable fire-based insurance claim, they do not provide sufficient information to show that this Plaintiff was harmed by this Defendant whose action or inaction breached a particular term of their contract. By failing to show what policy provisions the Defendant breached by not covering the loss, or even what portions of the claim the Defendant declined to cover under the policy, the amended complaint

presents nothing more than the sort of "the defendant-unlawfully-harmed-me accusation" that *Iqbal* prohibits. 556 U.S. at 678.

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (affirming dismissal of complaint that failed to allege breach with sufficient specificity). The 18th paragraph of the amended complaint is representative of its overall conclusory nature. In that paragraph, the Plaintiff alleges that the Defendant's refusal to pay the full amount of the claim was "contrary to the terms of the Policy and/or Florida law . . . ." (ECF No. 8 at ¶ 18.) Which (of many) terms of the policy? Which (of many) Florida laws? The Defendant cannot be tasked with defending itself by guesswork against such a catchall allegation. *See Herssein Law Grp.*, 594 F. App'x at 608. The amended complaint's reference to the claim number assigned by the Defendant does not change the result. The mere citation of the claim number does not put the Defendant (much less the Court) on notice as to the nature of the precise dispute between the parties. It also gives no notice as to the legal theories to which the Defendant must respond. Because the Plaintiff does not provide facts that support its legal conclusions, its complaint fails to rise above a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, the Court finds that the Plaintiff has failed to state a claim for which relief can be granted.

### 4. Conclusion

Because the Plaintiff does not allege specific facts in support of its legal conclusions, the Court finds that the amended complaint fails to adequately state a claim for breach of contract upon which relief can be granted under count one. The Plaintiff has had multiple opportunities to state a claim and has failed to do so. The Court therefore dismisses the complaint with prejudice and without leave to amend. Further, the Plaintiff has not requested leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.")

Accordingly, the Court **grants** the Defendant's motion to dismiss (**ECF No. 13**) without prejudice and without leave to amend. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on July 8, 2020.

Robert N. Scola, Jr.
United States District Judge